IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
v. ) CASE NO. CV408-259
)
TRONOX PIGMENTS (SAVANNAH), )
INC., )
)
    Defendant. )
)

## O R D E R

Before the Court is Defendant Tronox Pigment's Suggestion of Bankruptcy. (Doc. 4.) Defendant asks this Court to stay proceedings, pursuant to 11 U.S.C. § 362, because, on January 12, 2009, Defendant filed a voluntary petition for bankruptcy in the United States Bankruptcy Court for the Southern District of New York. After careful consideration, Defendant's request to stay this case is **DENIED**.

On December 19, 2008, the Government filed this cause of action against Defendant. (Doc. 1.) The Government's Complaint alleges that Defendant violated the Clean Air Act (CCA), 42 U.S.C. §§ 7401-7671q, Resource Conservation and Recovery Act (RCRA), 42 U.S.C. §§ 6901-6992k, Clean Water Act (CWA), 33 U.S.C. §§ 1251-1387, and the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA), 42 U.S.C. §§ 9301-9675. On January 13,

2009, Defendant filed a Suggestion of Bankruptcy, purporting to stay the case. (Doc. 4.) The Government filed a Response to Defendant's Suggestion of Bankruptcy, arguing that this action was not subject to an automatic bankruptcy stay. (Doc. 5.)

Generally, the filing of a voluntary provision of bankruptcy acts as an automatic stay of all judicial proceedings against the bankrupt party. See 11 U.S.C. § 362(a). However, actions by the Federal government that exercise its police or regulatory power are not stayed by this provision. See id. § 362(b)(4), Sec. & Exch. Comm'n v. First Fin. Group of Tex., 645 F.2d 429, 437-38 (5th Cir. 1981).[1] While the Government is precluded from enforcing a money judgment against a bankrupt party, see 11 U.S.C. § 362(b)(4), it may continue to seek equitable relief, see Brock v. Rusco Indus., Inc., 842 F.2d 270, 270 (11th Cir. 1988), or recover the costs of environmental remediation.[2]

---

[1] In Bonner v. City of Prichard, the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] For good discussions of the interplay between the automatic bankruptcy stay provision of 11 U.S.C. § 362(a), the exception listed in 11 U.S.C. § 362(b)(4), and environmental legislation, see E. Katherine Wells, What Happens when Bankruptcy and Environmental Laws Collide: A Look at the Safety-Kleen, Inc. v. Wyche Decision, 11 S.E. Env. L.J. 19 (2002) and Randy Mailman, Comment, Cleaning Up

2

See City of N.Y. v. Exxon Corp., 932 F.2d 1020, 1023-24 (2d Cir. 1991) ("[G]overnmental actions under CERCLA to recover costs expended in response to completed environmental violation are not stayed by the violator's filing for bankruptcy.").

In this case, the Government seeks injunctive relief, along with an award of civil penalties. Also, the Government concedes that, while this Court may assess civil penalties, collection of those penalties must occur through Defendant's bankruptcy proceedings. Therefore, the Court has determined that it would be inappropriate to stay these proceedings under the automatic stay provision of 11 U.S.C. § 362(a). Accordingly, Defendant's request to stay this case is **DENIED**.

SO ORDERED this 3RD day of February, 2009.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

its Act: Improving CERCLA Efficiency Within the Bankruptcy Code, 27 Whittier L. Rev. 557 (2005).